IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-13-72-GF-BMM |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| HARVEY AUGUSTUS SURE CHIEF, | |
| Defendant. | |

# I. Synopsis

The United States accused Mr. Sure Chief of violating his conditions of supervised release by submitting a urine sample that tested positive for methamphetamine, marijuana, and alcohol. Mr. Sure Chief admitted to the violation. His supervised release should be revoked, and he should be sentenced to five months in custody, with twenty-eight months of supervised release to follow.

# II. Status

Mr. Sure Chief pleaded guilty to Assault Resulting in Serious Bodily Injury on August 18, 2014. (Doc. 24.) United States District Judge Brian Morris sentenced him to thirty months in custody, with thirty-six months of supervised release to follow, on December 4, 2014. (Doc. 34.)

The United States Probation Office filed a Report on Offender Under Supervision on December 13, 2016, notifying the Court that Mr. Sure Chief drank alcohol, traveled without permission, failed to report for urinalysis testing, and received a citation for driving without a license. (Doc. 38.) United States District Judge Brian Morris allowed him to continue his supervised release.

The Probation Office filed a second Report on Offender Under Supervision on December 14, 2016, notifying the Court that Mr. Sure Chief admitted that he smoked methamphetamine in November 2016 and drank alcohol on December 11, 2016. (Doc. 41.) Judge Morris allowed him to continue his supervised release.

Judge Morris revoked Mr. Sure Chief's supervised release on February 15, 2017, because he violated the conditions of his supervised release by (1) not appearing for a counseling session, (2) not appearing for urinalysis testing, (3) not reporting to the probation office, and (4) failing to notify his probation office of a change in his address. (Doc. 48.) Judge Morris sentenced him to three months in custody, with thirty-three months of supervised release to follow. (*Id.*) Mr. Sure Chief began his current term of supervised release on April 14, 2017.

**Petition**

The Probation Office filed a Petition for Warrant for Offender Under Supervision on April 17, 2017, accusing Mr. Sure Chief of violating the conditions of his supervised release by submitting a urine sample that tested positive for methamphetamine, marijuana, and alcohol. (Doc. 50.) Judge Morris issued a warrant for Mr. Sure Chief's arrest based on the allegations in the petition. (Doc. 51.)

**Initial appearance**

Mr. Sure Chief appeared before the undersigned for an initial appearance on April 18, 2017, in Great Falls, Montana. Federal Defender Evangelo Arvanetes accompanied him at the initial appearance. Assistant United States Attorney Jeffery Starnes represented the United States.

Mr. Sure Chief said he had read the petition and understood the allegations. He waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned. The Court continued the revocation hearing so the Probation Office could explore treatment options for Mr. Sure Chief.

**Revocation hearing**

The Court conducted Mr. Sure Chief's revocation hearing on June 14, 2017. Mr. Sure Chief admitted he violated the conditions of his supervised release. The violations are serious and warrant revocation of his supervised release.

Mr. Sure Chief's's violation grade is Grade C, his criminal history category is I, and his underlying offense is a Class C felony. He could be incarcerated for up to twenty-four months. He could be ordered to remain on supervised release for thirty-three months, less any custody time imposed. The United States Sentencing Guidelines call for three to nine months in custody.

Mr. Arvanetes recommend a sentence in the low-end of the guideline range, with supervised release to follow to include substance abuse treatment at Crystal Creek. Mr. Sure Chief exercised his right of allocution and stated that he does not believe going to prison will help him with his drug addiction. Mr. Starnes recommended of at least four months in custody, with supervised release to follow.

### III.  Analysis

Mr. Sure Chief's supervised release should be revoked because he admitted to violating its conditions. He should be sentenced to sentenced to five months in custody, with twenty-eight months of supervised release to follow. This sentence would be sufficient given the serious violation of the Court's trust, but it would not be greater than necessary.

### IV.  Conclusion

Mr. Sure Chief was advised that the above sentence would be recommended to Judge Morris.  The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance.  The undersigned

explained that Judge Morris would consider his objection, if it is filed within the allotted time, before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> Harvey Augustus Sure Chief violated the conditions of his supervised release by submitting a urine sample that tested positive for methamphetamine, marijuana, and alcohol.

The Court **RECOMMENDS:**

> The district court should enter the attached Judgment, revoking Mr. Sure Chief's supervised release and committing him to the custody of the United States Bureau of Prisons for five months, with twenty-eight months of supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive

the right to appear and allocute before a district judge.

Dated the 21st day of June 2017.

_____
John Johnston
United States Magistrate Judge